UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

FELIX N.,

                Plaintiff,

-against-                                          5:23-CV-933 (LEK/CFH)

MARTIN J. O'MALLEY,

                Defendant.

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

Plaintiff Felix N. filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision by the Commissioner of Social Security. Dkt. No. 1 ("Complaint"). Both parties filed motions for judgment on the pleadings supporting their respective positions, Dkt. No. 12 ("Plaintiff's Motion"), Dkt. No. 13 ("Defendant's Motion"), and Plaintiff filed a reply, Dkt. No. 14. On August 21, 2024, the Honorable Christian F. Hummel, United States Magistrate Judge, issued a report and recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). Dkt. No. 15 ("Report and Recommendation"). In the Report and Recommendation, Judge Hummel recommended granting Plaintiff's Motion, denying Defendant's Motion, and remanding the case to the Social Security Administration for further administrative proceedings. See id. at 36.

No party has filed objections to the Report and Recommendation. For the reasons that follow, the Court adopts the Report and Recommendation in its entirety.

## II.  BACKGROUND

The Court presumes familiarity with the factual allegations detailed in the Report and Recommendation. See generally id.

In the Report and Recommendation, Judge Hummel assessed Plaintiff's argument that the "[t]he ALJ erred when failing to identify substantial evidence supporting the residual functional capacity finding and erred when failing to evaluate the medical opinions and symptomology pursuant to the appropriate legal standards." Id. at 7 (quoting Plaintiff's Motion at 9). In particular, Judge Hummel looked at the ALJ's assessment of six doctors' medical opinions and determined that the ALJ did not adequately analyze or explain the supportability or consistency of those opinions. See id. at 13–31. Accordingly, Judge Hummel recommended remand for further consideration of the ALJ's supportability and consistency assessments. See id. at 24, 31. Additionally, Judge Hummel "recommended that the ALJ reassess plaintiff's subjective complaints and provide specific explanations for his findings on remand." Id. at 35.

## III.  LEGAL STANDARD

"Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1)(C); see also L.R. 72.1. However, if no objections are made, a district court need only review a report and recommendation for clear error. See DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) ("The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record."). Clear error "is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." Rivera v. Fed. Bureau of

Prisons, 368 F. Supp. 3d 741, 744 (S.D.N.Y. 2019) (cleaned up). Additionally, a district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance. See Hubbard v. Kelley, 752 F. Supp. 2d 311, 312–13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted). Upon review, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## IV. DISCUSSION

No party objected to the Report and Recommendation "[w]ithin fourteen days after being served with a copy" of it. 28 U.S.C. § 636(b)(1)(C). Accordingly, the Court reviews the Report and Recommendation for clear error. Having found none, the Court approves and adopts the Report and Recommendation in its entirety.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation, Dkt. No. 15, is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's Motion for judgment on the pleadings, Dkt. No. 12, is **GRANTED**; and it is further

**ORDERED**, that Defendant's Motion for judgment on the pleadings, Dkt. No. 13, is **DENIED**; and it is further

**ORDERED**, that the Commissioner's decision is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   September 6, 2024
           Albany, New York

LAWRENCE E. KAHN
United States District Judge